UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JANET HALLAHAN,                                   Case No. 18-CV-1676 (DWF/SER)

           Petitioner,

v.                                                REPORT AND RECOMMENDATION

WARDEN BARNES,

           Respondent.

In 2000, petitioner Janet Hallahan pleaded guilty in the United States District Court for the Central District of Illinois to conspiracy to commit mail and bank fraud and conspiracy to commit money laundering. *See United States v. Hallahan*, 756 F.3d 962, 967 (7th Cir. 2014). Less than two weeks later, Hallahan and her co-defendant went on the lam. *Id*. For twelve years the couple evaded detection while living under false names. In 2012, their pasts caught up with them; Hallahan and her partner were uncovered in Arizona, arrested, and hauled back to the Central District of Illinois, where they found awaiting them new charges of willfully failing to appear for sentencing. *Id*. Hallahan pleaded guilty to this crime as well. She was sentenced to a 135-month term of imprisonment on the conspiracy counts and a consecutive 60-month term of imprisonment imposed on the failure-to-appear count. Hallahan's convictions and sentences were affirmed on direct appeal.

This matter is before the Court on Hallahan's petition for a writ of habeas corpus. The petition — like many other similar petitions filed in this District over the past few

1

weeks by prisoners at the Federal Correctional Institution at Waseca, Minnesota[1] — is cryptic. Hallahan raises only a single ground for relief, alleging a violation of her right to due process, *see* Petition at 6-7 [ECF No. 1], but never explains how she believes her due process rights to have been violated. Hallahan suggests that a "retroactively applicable Supreme Court decision" is at issue, *id.* at 7, but fails to identify the decision. Hallahan asks for "resentencing under proper sentencing guidelines," *id.* at 8, but does not say how she thinks the trial court's application of the Sentencing Guidelines was improper in her case. And Hallahan provides no other clues as to why she believes she is entitled to relief from her sentence or as to why this is the correct venue in which to seek that relief.[2]

A defendant may seek direct appeal of an adverse criminal judgment, assuming she has not waived her right to do so. If the defendant, after her direct appeal has concluded, continues to believe that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), she may seek relief

---

[1] Substantially identical habeas petitions, down to the handwriting, have been filed in *Watson v. Barnes*, No. 18-CV-1295 (WMW/TNL); *Blount v. Barnes*, No. 18-CV-1317 (MJD/KMM); *Jackson v. Barnes*, No. 18-CV-1392 (DSD/KMM); *Holder v. Barnes*, 18-CV-1395 (DWF/SER); *Sellner v. Barnes*, No. 18-CV-1423 (MJD/TNL); *Harris v. Barnes*, 18-CV-1424 (SRN/SER); *Jenkins v. Barnes*, No. 18-CV-1425 (WMW/KMM); *Hernandez v. Barnes*, No. 18-CV-1463 (PAM/DTS); *Norris v. Barnes*, No. 18-CV-1675 (DSD/KMM); and *Coleman v. Barnes*, No. 18-CV-1682 (WMW/TNL).

[2] The petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Hallahan's petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

from that sentence through a motion filed under § 2255 in the district where she was sentenced. Only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [her] detention" may the defendant challenge the legality of her sentence through a petition for a writ of habeas corpus brought in the district where the defendant is confined. 28 U.S.C. § 2255(e); *accord Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241.").

"It is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). At a minimum, the petitioner seeking to invoke the savings clause of § 2255(e) must show that she "had no earlier procedural opportunity to present [her] claims." *Id*. at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

The usual justification offered by prisoners seeking to invoke the § 2255(e) "savings clause" is that restrictions are placed on "second or successive" motions under § 2255, *see* 28 U.S.C. § 2255(h); that the prisoner has already sought relief under § 2255 at least once; and that the prisoner seeks to raise a claim against her conviction or sentence that simply may not be raised in a second-or-successive § 2255 motion. *See,*

*e.g.*, *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Hallahan cannot make such an argument, though, as she has never sought relief under § 2255 from her convictions or sentences. The additional restrictions placed on second-or-successive § 2255 motions therefore do not yet apply to her.

Why, then, would § 2255 be inadequate or ineffective for Hallahan to test the validity of her detention? Hallahan suggests that it is because a recent (unidentified) Supreme Court decision renders her sentence invalid. But nothing prevents a prisoner from seeking relief under § 2255 based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Indeed, the one-year limitations period for bringing a § 2255 motion, which usually begins on "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), is *reopened* for claims based on newly applicable and retroactive Supreme Court decisions, *see* 28 U.S.C. § 2255(f)(3).

If Hallahan is correct that, after her sentence became final, a Supreme Court decision called into question the validity of her sentence, she could have raised that claim[3] — she may *still* be able to raise that claim, whatever that claim might be — pursuant to § 2255. Section 2255 therefore cannot have been inadequate or ineffective in Hallahan's case. *See Abdullah*, 392 F.3d at 963. Accordingly, Hallahan cannot avail

---

[3] That her claim might now be untimely under § 2255(f) does not mean that § 2255 is inadequate or ineffective, as Hallahan would have had an "earlier procedural opportunity to present [her] claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) ("Specifically, the § 2255 motion is not inadequate or ineffective merely because . . . [the] petitioner has allowed the one year statute of limitations and/or grace period to expire.").

4

herself of the savings clause, *see* 28 U.S.C. § 2255(e), and her petition must be dismissed without prejudice for lack of jurisdiction, *see DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

June 28, 2018                              s/*Steven E. Rau*
                                           Steven E. Rau
                                           U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).